1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7              WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA

8   UNITED STATES OF AMERICA,

9              Plaintiff,
                                              Case No.  CR02-256P
10             vs.

11  CLIFFORD BAIRD

12             Defendant.

13

14        This matter comes before the court on Remand from the Ninth Circuit[1] and on the Court's

15  Procedural Orders (CR03-256MJP, Dkt. No. 46).  The court must now determine whether the

16  sentence imposed would have been materially different had the District Court known that the

17  Sentencing Guidelines were advisory, and not mandatory.  The burden of proof is set out in the

18  procedural order.

19        The Court has considered, in addition to the Ninth Circuit's unpublished opinion, the

20  following:

21        (1)    the presentence report;

22        (2)    sentencing memoranda;

23        (3)    the judgment;

24        (4)    the sentencing transcript;

25

26    _____
      [1]United States v. Clifford Baird , 9th Cir. No. 04-30324

OPINION AND ORDER - 1

1      (5)      the file and events of the entire proceeding;

2      (6)      all memoranda filed in support of and in opposition to, resentencing.

3      United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) ("Ameline II), directs that the District

4   Court determine whether a "materially different" sentence would have been imposed, had the District

5   Court known that the sentencing guidelines were advisory only.  Ameline did not define "materially

6   different sentence."  The point from which a sentence is viewed becomes significant in applying that

7   term to an existing sentence.  For example, while a prosecutor may argue that one month off a 360-

8   month sentence is not material, a defendant completing his 359th month of a 360-month sentence

9   would likely find the same one month highly material.

10      The Ameline dissent, at pp. 1096-97, in discussing a "materially different sentence," speaks in

11   terms of "denial of substantial rights," or "that the probability of a different result is sufficient to

12   undermine confidence in the outcome of the proceedings."

13      Black's Law Dictionary defines "material" as "having some logical connection with the

14   consequential facts" and "of such nature that knowledge of the item would affect a person's decision

15   making; significant, essential."  Regardless of which definition of "material" one accepts, the result in

16   this case would be the same.

## ANALYSIS

18      Defendant Baird was convicted, by plea, of conspiracy to commit securities fraud, wire fraud,

19   mail fraud, and money laundering pursuant to Title 18 United States Code §371. Mr. Baird also

20   admitted to causing financial losses to victims in the amount of $10,800,000.  Mr. Baird was

21   sentenced to 27 months in prison for his admitted participation in a securities fraud conspiracy.

22      The Court, at sentencing, acknowledged that the mandatory nature of the guidelines was in

23   flux due to the U.S. Supreme Court's ruling in U.S. v. Blakely, 542 U.S. 296 (2004) and the Ninth

24   Circuit's ruling in Ameline I, 376 F. 3d 967 (9th Cir. 2004).  At the sentencing hearing, there was

25   much discussion on the record between the Government, Defense counsel, and the Court regarding

26   the likely status of the Guidelines in the future.  The Court noted that the top of the Guideline range

OPINION AND ORDER - 2

1   in Mr. Baird's case was 57 months, but because it was unclear at the time of sentencing if the

2   guidelines applied, the Court noted that its task was to determine an appropriate sentence between

3   zero and 57 months. (Dkt. No. 42 at 19, ln. 9).  The Court considered both parties'

4   recommendations.  Defense counsel recommended a 16 month split sentence, while the Government

5   recommended a 27 month sentence.  The Court ultimately adopted a 27 month sentence because it

6   felt that it was an appropriate amount of time, given the size of the scheme, the number of people

7   involved, and the admitted loss amount.  (Id. at 32).  The Defendant now asks for re-sentencing under

8   Ameline II.  The main argument supporting this request is that the Court did not consider mitigating

9   personal circumstances under 18 U.S.C. § 3553(a), because it erroneously viewed the Guidelines as

10  mandatory.  Mr. Baird also argues that the Court did not consider the 16 month split sentence as an

11  option because it felt constrained by the Guidelines.   In a system where the Guidelines are advisory,

12  Defendant argues that the Court should have considered Mr. Baird's age, immigration status, family

13  circumstances, and felt unconstrained to grant a non-traditional sentence, such as the 16 month split

14  proposed by Defense counsel.

15          The Court has reviewed the full record of this case, including the Ninth Circuit's Order on

16  remand, however, and determines that at the time of sentencing, the Court acknowledged that the

17  status of the Guidelines was in flux.  The Court stated on the record that it felt its task was to render

18  an appropriate sentence between zero and 57 months (the top end of the sentencing range under the

19  Guidelines).  Recognition of the uncertain state of the Guidelines at the time of sentencing gave the

20  Court wide latitude to impose a just sentence uniquely tailored to Mr. Baird's admitted level of

21  culpability.  The Court considered and rejected a 16 month split sentence as too lenient, in proportion

22  to the sentences of other individuals involved in the scheme.  Id.  Additionally, the Court

23  acknowledged Mr. Baird's family circumstances and took those into consideration at the time of

24  sentencing.  Id.  For these reasons, the Court does not now find that its sentence of Mr. Baird would

25  have been materially different had it known that the Guidelines were advisory.  Therefore, it is now

26  **ORDERED** that:

OPINION AND ORDER - 3

1    This Court's Order finding that there would be no material difference in Mr. Baird's sentence

2  shall be officially placed on the record, pursuant to the Ninth Circuit's directive in <u>Ameline</u>, 409 F. 3d

3  at 1085.

4    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

5  record and to any party appearing *pro se* at said party's last known address.

6    DATED this 27th day of January, 2006.

Marsha J. Pechman
United States District Judge

OPINION AND ORDER - 4